IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEWAYNE PAUL DIXSON                                                               PLAINTIFF

vs.                              Civil No. 6:19-cv-06093

ANDREW SAUL                                                                       DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Dewayne Paul Dixson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

On November 4, 2019, Defendant filed a Motion to Dismiss based on Plaintiff's failure to timely file the Complaint. ECF No. 8. Plaintiff has not filed a response to this Motion and the time to file a response has passed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this Motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the motion, recommends Defendant's Motion to Dismiss (ECF No. 8) be **GRANTED**.

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff's complaint was untimely filed. Defendant states the complaint was not filed within the statutory time limitation of sixty days

following the Commissioner's notice to Plaintiff that his request for review was denied. According to Defendant, the Appeals Council denied Plaintiff's request for review on May 28, 2019. ECF No. 8. Defendant states Plaintiff, therefore, should have commenced his civil action on or before August 1, 2019. The Complaint in this case was actually filed on August 2, 2019. ECF. No. 1.

## 2. Discussion:

The only civil action an individual may bring on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the final decision the Commissioner has made after hearing the case. An individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. The Commissioner may extend the time for instituting a civil action upon a claimant's request and showing of good cause. *See* 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

Plaintiff received notice the Appeals Council denied his request for review on May 28, 2019. ECF No. 10, Pgs 5-7. Based on this, Plaintiff should have commenced his civil action on or before August 1, 2019. This date includes the additional five days for receipt by mail. Plaintiff filed his complaint on August 2, 2019. ECF No. 1. Plaintiff has made no showing that a request for extending the time to file was sought by Plaintiff in this matter. Based on this, the Court finds Plaintiff's complaint was not filed timely and should be dismissed.

## 3. Conclusion:

Accordingly, this Court recommends Defendant's Motion to Dismiss (ECF No. 8) be granted and that Plaintiff's Complaint be dismissed

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **30th day of December, 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE